ALICE J. W. WALDRON

*vs.*

MIMA A. MOORE.

Waldo.    Opinion July 13, 1914.

*Agreement for Support of Plaintiff. Mortgage. Real Action.*
*Rescission of Contract.*

Writ of entry to foreclose mortgage given by defendant to plaintiff. The consideration for said mortgage was money loaned by plaintiff to defendant to purchase the real estate in question. Contemporaneously and as part of said transaction, the plaintiff and defendant entered into an agreement under seal, whereby the defendant undertook to support plaintiff for two years and six months, or during her life if she should die within said time.

*Held:*

1. Two contemporaneous writings between the same parties, upon the same subject matter, may be read and construed as one paper.

2. This rule applies, notwithstanding one of the writings is a promissory note, when the action is between the parties to it, or their representatives.

On report. Judgment for defendant.

This is a writ of entry, brought to foreclose a mortgage on real estate dated May 23, 1910, for the sum of twenty-two hundred dollars

and interest. At the time the mortgage was given, the plaintiff and defendant entered into a written agreement, under seal, wherein the defendant agreed to support the plaintiff for the term of two years and six months from the date thereof, or during her life, if she should die within said time, for the sum of one thousand dollars per year, which said sum of one thousand dollars was to be indorsed on said note.

Plea, general issue and brief statement.

The case is stated in the opinion.

*Dunton & Morse*, for plaintiff.

*Arthur Ritchie*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

BIRD, J. This is a writ of entry dated November 25, 1912, for the recovery of a lot of land and buildings in Belfast. The plaintiff's pleadings declare upon a mortgage and at the second term after entry the plaintiff filed a motion for conditional judgment. The case is here upon report.

It appears of record that plaintiff loaned defendant the sum of twenty-two hundred dollars wherewith the latter purchased the lot and buildings in question. After the conveyance to the defendant of the premises by deed of May 23, 1910, she on the same day conveyed them to plaintiff in mortgage as security for the payment of a note for the same sum on two years and six months with interest at rate of six per cent payable semi-annually. Contemporaneously and as part of the same transaction, plaintiff and defendant entered into an agreement under seal whereby the defendant undertook to support the plaintiff for the term of two years and six months from date, (being same day as the date of the mortgage and note), or during her life, if she should die within said term, to give her exclusive use of certain rooms in the house upon the lot conveyed to defendant and to make for her certain other provisions for the sum of one thousand dollars a year to be endorsed on the note already mentioned. The plaintiff upon her part agreed in consideration of the undertaking of the defendant to indorse upon the note the sum of one thousand dollars per year until the note be fully paid, or as long as she lives if she die before the expiration of the note.

Under the agreement, the plaintiff entered into occupation of the rooms allotted her and remained until March 14, 1911, when she left the premises without stating to defendant why she left, whether or not she would return or anything as to a rescission of the contract. When the first semi-annual payment of interest was due, it was endorsed upon the note in part payment of the sum due defendant under the agreement. Whether or not defendant performed the part of the agreement by her to be performed was disputed. The evidence is conflicting but we think defendant shows a substantial compliance with its terms while plaintiff remained and that defendant was thereafter ready and willing to continue in its performance.

Can the defendant avail herself of the terms of the written agreement of the parties in this action? Two contemporaneous writings between the same parties, upon the same subject matter, may be read and construed as one paper; and this rule applies notwithstanding one of the writings is a promissory note, when the action is between the parties to it or their representatives. *American Gas, etc., Co.* v. *Wood,* 90 Maine, 516, 520, and cases cited. Here, as in the case cited, the agreement and note are of the same date and the former expressly refers to the note. They are "connected by direct reference or necessary implication" to use the language of *Davlin* v. *Hill,* 11 Maine, 434, 438. See also *Hunt* v. *Livermore,* 5 Pick., 395.

Judgment may be entered for defendant as provided in R. S., Chap. 92, Sec. 11. *Burnham* v. *Dorr,* 72 Maine, 198, 202.